UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES R. JACKSON, JR.,

    Plaintiff,

v.                                                                                      Case No: 8:18-cv-2848-T-36SPF

CHILD SUPPORT, HILLSBOROUGH
COUNTY CLERK OF COURTS,
HILLSBOROUGH COUNTY SHERIFFS
and MICHAEL COFFEE,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court on the Report and Recommendation of Magistrate Judge Sean P. Flynn (Doc. 5), Plaintiff's objection to the Report and Recommendation (Doc. 8), and Plaintiff's motion to stay the R&R (Doc. 9). In the Report and Recommendation, Magistrate Judge Flynn recommends that the Court deny Plaintiff's motion to proceed *in forma pauperis* and dismiss this action for lack of subject matter jurisdiction. *Id.* In his Objection, Plaintiff generally argues that he has a meritorious case and disagrees with the Report and Recommendation. Doc. 8. Plaintiff also indicates in the header of the Objection that it is a motion to stay, and subsequently filed a document construed as a motion to stay, which consists of the attachments to his request to stay the R&R. Docs. 8-9. Upon consideration of the Report and Recommendation, and this Court's independent examination of the file, it is determined that the Report and Recommendation should be adopted.

**I.**     **BACKGROUND**

Plaintiff filed this action against "Child Support," Hillsborough County, Hillsborough County Clerk of Courts, Judge Michael Coffee, and Chad Chronister, the Hillsborough County

Sheriff (collectively, "Defendants"), under 42 U.S.C. § 1983, stating that his constitutional rights of due process and equal protection were violated by local officials as far back as 1982. Doc. 1 at 3. Plaintiff asserts that the Court has federal question jurisdiction over the case. *Id.*

In the Complaint, Plaintiff alleges that since 1982, his income has been deducted, he has been forced into a Title IV-D loan or contract that he did not sign for, he has been arrested and incarcerated and had his license suspended, and child support has been reported on his credit report. *Id.* at 4. He further alleges that this has stripped him of his basic rights, including gainful employment and having the funds to care for himself. *Id.* He contends that child support took 65% of his earnings, required him to pay purges, and was the cause of the alleged violations. *Id.*

Plaintiff filed a motion for leave to proceed *in forma pauperis* that was reviewed by the Magistrate Judge. Doc. 2. Upon examination of the case, the Magistrate Judge concluded that the *Rooker-Feldman* doctrine applied because the case was inextricably intertwined with a state court judgment and recommended that the case be dismissed for lack of subject matter jurisdiction. Doc. 5 at 3-6. The Magistrate Judge further recommended that the Court dismiss the case for failure to state a claim because the allegations of the Complaint did not state a cause of action for violation of Plaintiff's due process rights under the Fifth Amendment as extended to the State of Florida through the Fourteenth Amendment to the Constitution, nor did it state a cause of action under the Thirteenth Amendment, or meet the basic pleading requirements of Federal Rule of Civil Procedure 8. *Id.* at 6-8. The Magistrate Judge further explained that several legal defects prohibited the claims from going forward in this Court and that amendment would be futile because of the lack of subject matter jurisdiction. *Id.* at 8.

Plaintiff filed the instant Objection, stating that he has the right to sue Child Support because it is not a government entity, but also stating that his suit is for fraud based on the benefits

the government receives by infringing on his rights. Doc. 8 at 1. Plaintiff indicates that the federal department is a partner, which gives him the right to sue under § 1983 for deprivation of his rights, specifically for fraud. *Id.* Plaintiff contends that his suit is not frivolous, his constitutional rights were violated without due process, and the *Rooker-Feldman* doctrine does not apply. *Id.* at 2.

In the separately-filed document construed as a motion to stay, Plaintiff identifies various cases pertaining to child support and discusses a provision of the Florida Constitution prohibiting the passage of any bill of attainder. Doc. 9 at 1-2. Plaintiff attached an Order to Appear for Genetic Testing sent to him by the Florida Department of Revenue; the Findings and Recommendations of Hearing officer and Order Denying Counts I and III of Respondent's Motion to Terminate Support and Continuing Count II to 12/5/2018 at 9:45 AM ("State Court Order"); and an order suspending his driver's license for failure to comply with an order for child support, alimony, or genetic testing. *Id.* at 3-9. In the State Court Order, Hearing Officer Michael Coffee wrote that Plaintiff raised a claim for a due process violation, but provided no basis for the claim, and the Hearing Officer denied the claim without prejudice. *Id.* at 6-7. The Hearing Officer also explained that Plaintiff raised a claim challenging an underlying child support order, but denied the claim as untimely. *Id.* Plaintiff additionally raised a claim arguing that 65% of his wages were being garnished, which was not permitted by law, and the Hearing Officer continued the hearing on the matter because the Respondent did not have necessary evidence with him at the time of the hearing that gave rise to the State Court Order. *Id.*

Plaintiff also filed a supplement, in which he states that he can prove that he is the victim of fraud and modern-day slavery. Doc. 10 at 1. Plaintiff attached an earning's statement showing the amount deducted for "support" and an article regarding reform of child support. *Id.* at 3-8.

3

## II. LEGAL STANDARD

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). With regard to those portions of the Report and Recommendation not objected to, the district judge applies a clearly erroneous standard of review. *See Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993). The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. Fed. R. Civ. P. 72. The district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id.*

## III. DISCUSSION

Under the *Rooker-Feldman* doctrine, federal courts do not have jurisdiction to "exercise appellate authority 'to reverse or modify' a state court judgment," meaning that "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced" may not obtain rejection of the state-court judgment through review by the district court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284-85 (2005) (citing *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 416 (1923); *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983)). The *Rooker-Feldman* doctrine applies where a claim is "inextricably intertwined" with a state court judgment such that a decision by the district court would "effectively nullify the state court judgment," or the claim could "succeed[] only to the extent that the state court wrongly decided the issues." *Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1286 (11th Cir. 2018) (citation omitted). In determining whether the *Rooker-Feldman* doctrine applies, courts

4

look to "the federal claim's relationship to the issues involved in the state court proceeding, instead of . . . the type of relief sought by the plaintiff." *Velardo v. Fremont Inv. & Loan*, 298 F. App'x 890, 892 (11th Cir. 2008). "The doctrine is rooted in an understanding that Congress has given only the United States Supreme Court the ability to hear an appeal from a state court decision," whereas district courts "have been given original, not appellate, jurisdiction." *Id.* at 1284 (citing 28 U.S.C. §§ 1257(a), 1331, 1332).

The Eleventh Circuit has previously held that the *Rooker-Feldman* doctrine applies to attempts to "use the federal courts to overturn the . . . state courts' decisions regarding [the plaintiff's] divorce, child custody arrangement, and child support obligations, and to attack the legality of [the plaintiff's] incarceration for refusing to pay child support." *Redford v. Gwinnett Cty. Jud. Cir.*, 350 F. App'x 341, 345 (11th Cir. 2009). Similarly, in *Staley v. Ledbetter*, 837 F.2d 1016, 1017 (11th Cir. 1988), the plaintiff filed a § 1983 claim against the Georgia Commissioner of Human Resources alleging violations of her civil rights under the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution. The claim stemmed from custody determinations made by the government with which the plaintiff was unhappy. *Id.* The Eleventh Circuit stated that it did not need to "address the parties' substantive contentions, because no federal subject matter jurisdiction existed in this case." *Id.* The Court further explained that because the plaintiff sought "to challenge collaterally the state agency and court proceedings that terminated her parental rights," the Plaintiff essentially sought federal review of state court decisions. *Id.* at 1017-18. Accordingly, the Court affirmed dismissal of the case. *Id.* at 1018.

The Court agrees with the Magistrate Judge that Plaintiff seeks to challenge state agency and court decisions pertaining to child support, thereby treating the federal court as an appellate

forum. The allegations of the Complaint are an attack on Plaintiff's child support obligations as determined by the state court. A review of the state court documents demonstrates that the instant case is inextricably intertwined with the state court proceedings. Doc. 9. Accordingly, this Court lacks jurisdiction over this matter under the *Rooker-Feldman* doctrine.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiff's Objections to the Report and Recommendation (Doc. 8) are **OVERRULED.**

2. The Report and Recommendation (Doc. 5) is **adopted, confirmed, and approved** in all respects and is made a part of this Order for all purposes including appellate review.

3. Plaintiff's request to proceed *in forma pauperis* (Doc. 2) is **DENIED**.

4. Plaintiff's Complaint is **DISMISSED** for lack of subject matter jurisdiction and his motion to stay (Doc. 9) is **DENIED** as moot.

5. The Clerk is directed to terminate all pending motions and deadlines and close this case.

**DONE AND ORDERED** in Tampa, Florida on May 9, 2019.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any